BEATRICE G. JAFFE, WIDOW, DEMANDANT IN DOWER, PLAINTIFF, v. NORBERT ZILINSKI, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided June 3, 1953.

*Mr. Archibald Kreiger,* attorney for plaintiff.

*Mr. Harold Valentine,* attorney for defendants.

*Messrs. Celentano & Razen,* attorneys for defendants.

*Messrs. Boyd, Dodd, Keer & Booth,* attorneys for intervener, Prudential Insurance Company of America.

DAVIDSON, J. S. C.   Plaintiff seeks to establish her right to dower and to have the same admeasured in properties owned and occupied by approximately 145 individual defendants, and the action comes before the court upon cross-motions for summary judgment, there being, concededly, no dispute of fact, as all parties rely entirely upon matters of record.

Briefly, the facts disclosed by records show that on May 1, 1925 Stein & Hughes Company conveyed the premises in question to Wallman Realty Company and took back a mortgage which will hereafter be referred to as the first mortgage; that on September 1, 1927 Wallman Realty Company conveyed the premises to Hazelview, Inc., and took back a mortgage which will be referred to as the second mortgage; and that on November 22, 1927 the said second mortgage was assigned to Henry S. Jaffe.   On July 6, 1929 Jaffe filed a bill, and on September 11, 1929 a *lis pendens* in connection with the foreclosure of the second mortgage, and bid the

property in at the sheriff's sale on January 15, 1930, the deed being delivered on September 4, 1930 and recorded on September 29, 1930.

On March 10, 1930, during the pendency of the second mortgage foreclosure by Jaffe, Stein & Hughes Company filed a bill of foreclosure and *lis pendens* on the first mortgage, naming all parties having a record interest or lien as defendants. In the course of the proceeding Jaffe, who had been duly served as a party defendant, requested that his mortgage interest be reported upon and appeared before the master, who duly included the indebtedness in his findings and report, final decree was entered August 2, 1930, and after sale to Stein & Hughes on September 26, 1930 the sheriff, on October 8, 1930, executed and delivered a deed which was recorded on the following day.

Plaintiff, relying on *R. S.* 3 :38–1, contends that she became entitled to an inchoate right of dower in lands of which her husband had been seized of an estate in fee simple during his lifetime, and that upon her said husband's death on July 6, 1949, her right to dower became fixed and consummate.

The *lis pendens* filed by Jaffe under *R. S.* 2 :26–28 was notice as to junior encumbrances only, and Stein & Hughes, the holder of the senior encumbrance, was unaffected, save for instruments of record. Stein & Hughes, in filing its bill of foreclosure and *lis pendens* on March 10, 1930, properly made all record-holders of junior encumbrances, including Jaffe, parties defendant; Jaffe appeared before the master, disclosed only his interest as second mortgagee, and requested that the amount due thereon be reported. Stein & Hughes complied with all statutes and fulfilled all legal requirements, and if either Jaffe or his wife, plaintiff in this cause, intended to assert a claim arising out of an unrecorded instrument, they should have complied with *R. S.* 2 :29–27 and petitioned to be made parties; otherwise they were bound by the proceedings. *Dinsmore v. Westcott,* 25 *N. J. Eq.* 302 (*Ch.* 1874).

"The statute is intended to perfect the title at foreclosure in accordance with the public records as such public records disclose the existence of liens and incumbrances, and to forever protect the title made under the sheriff's sale as against any liens not disclosed by the public records." *Marcy v. Larkin,* 99 *N. J. Eq.* 429 (*E. & A.* 1926).

My conclusion is that as Jaffe was not seized of an estate of inheritance during coverture, defendants' motion for summary judgment must be granted and plaintiff's motion denied.

This makes unnecessary any special consideration of the situation with respect to defendants, Harry Drum and Helen Drum, his wife, and John A. Foley and Hazel M. Foley, his wife, who, by virtue of a tax foreclosure in which Jaffe and his wife were named, held their premises free of any alleged claim, and of defendants, Henry R. Santee and Jean Santee, whose lands were not covered by the Jaffe mortgage.